[Cite as *State v. Hiestand*, 2010-Ohio-835.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 10-09-11

    v.

JULIE A. HIESTAND,                O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Celina Municipal Court**
**Trial Court No. 2009-CRB-00326**

**Judgment Affirmed**

**Date of Decision: March 8, 2010**

---

APPEARANCES:

    *Jay M. Lopez* for Appellant

    *Kevin M. McKirnan* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Julie A. Hiestand, appeals the judgment of the Municipal Court of Celina convicting her of theft. On appeal, Hiestand argues that the trial court erred in finding her guilty of theft because its decision was against the manifest weight of the evidence. Based upon the following, we affirm the judgment of the trial court.

{¶2} In April 2009, Hiestand was charged with theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. The complaint was issued following an incident during which Hiestand allegedly took several items without paying for them from Dollar General, her place of employment. Shortly thereafter, Hiestand entered a plea of not guilty to the offense.

{¶3} In May 2009, the case proceeded to bench trial, at which the following testimony was heard.

{¶4} Sergeant Jason Miller of the Coldwater Police Department testified that, on April 16, 2009, he was called to the Dollar General Store in Coldwater regarding an alleged shoplifting incident by a store employee; that, in the parking lot of the store, Hiestand granted him permission to search her truck; that, underneath a blanket underneath the back seat of the truck, he located a white plastic Wal-Mart bag that was tied at the top; that, inside the bag, he found two bags of grass seed with Dollar General price stickers on the outside of the bags,

two boxes of children's Motrin, two Lasting Impressions air fresheners, and four Glade scented candle refills; that there were no Dollar General receipts found in the plastic bag; that there were no Dollar General shopping bags found among the items in the truck; that employees of Dollar General scanned the items and the total came to $35.31; that the employees' ability to scan the items indicated that they had come from that Dollar General store; that Hiestand indicated that she had purchased the items "last Thursday when she was working" (trial tr., p. 7), but that he checked the schedule and she had not worked on that day; that he examined the shelves in the store where the items found in the truck would have been located for sale and discovered that the items were missing from the fronts of the shelves; and, that Jennifer Bogan, another employee of Dollar General, identified Hiestand as taking the merchandise.

{¶5} Jennifer Bogan testified that, in April 2009, she was employed as the assistant manager of the Dollar General store in Coldwater; that, on the day in question, she was in her office when she observed Hiestand take merchandise up to the register, put it in a shopping bag, tie the bag, look around to see if anyone was watching, and then take the bag out to her truck; that she did not actually see Hiestand remove items from the shelves and conceal them; that Hiestand took the merchandise out of the store without paying for it; that Hiestand was working on the day of the incident; that, after the police officers arrived, she overheard

Hiestand say that she had purchased the items a week prior on Thursday; and, that Hiestand did not work on the date she claimed she had purchased the items.

{¶6} Hiestand testified that she had purchased the grass seed at Dollar General a week prior to the incident while accompanied by her mother and sister; that she had receipts for some of the items; that she often purchased items from Dollar General; and, that there were empty spots on the store shelves because the trucks had not come in yet to restock the shelves. On cross-examination, Hiestand admitted that the receipts she provided were Wal-Mart receipts dated February and early March 2009, and that she did not have a receipt for the children's Motrin and could not explain why it was found in her vehicle.

{¶7} Donna Black, Hiestand's mother, testified that she was with Hiestand when she purchased the grass seed; that Hiestand kept Motrin in her truck because she had a young child with allergies who "gets into everything" (trial tr., p. 30); and, that Hiestand was an honest person. On cross-examination, Black testified that Hiestand had purchased the grass seed a week prior to the incident; and, that, when Hiestand purchased the grass seed, she overheard other employees saying that Bogan was going to "get someone fired because there's [sic] too many employees." (Trial Tr., p. 32).

{¶8} Thereafter, the trial court found Hiestand guilty of theft in violation of R.C. 2913.02(A)(1) and ordered the items returned to the store.

{¶9} It is from this judgment that Hiestand appeals, presenting the following assignment of error for our review.

**THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT, JULIE A. HIESTAND, GUILTY OF THEFT PURSUANT TO O.R.C. 2913.02(A)(1) AS THE SAME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶10} In her sole assignment of error, Hiestand argues that the trial court's finding that she was guilty of theft was against the manifest weight of the evidence. Specifically, Hiestand argues that the evidence before the trial court did not support a theft conviction because no one actually saw her remove items from the shelves of Dollar General, and that she provided receipts for the items she allegedly took, establishing that she purchased the items prior to the date of the alleged offense. We disagree.

{¶11} When an appellate court analyzes a conviction under the manifest weight standard, it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, superseded by constitutional amendment on other grounds as stated by *State v. Smith,* 80 Ohio St.3d 89, 1997-Ohio-335, quoting *State v. Martin*

(1983), 20 Ohio App.3d 172, 175. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.

{¶12} Here, Hiestand was cited for theft in violation of R.C. 2913.02(A)(1), which provides:

> **(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:**
>
> **(1) Without the consent of the owner or person authorized to give consent[.]**

Evidence was heard at trial that the assistant manager of the Dollar General store observed Hiestand take merchandise up to the register, put it in a shopping bag, tie the bag, look around to see if anyone was watching, and take the bag out to her truck; that Hiestand did not pay for the items prior to removing them from the store; that police officers discovered a Wal-Mart bag underneath a blanket underneath the backseat of Hiestand's truck containing two bags of grass seed with Dollar General price stickers on them, two boxes of medicine, two air fresheners, and four scented candle refills; that there were no Dollar General receipts in the bag or Dollar General shopping bags in the truck; that employees of Dollar General were able to scan the items, which indicated they had come from that Dollar General store; that there were empty spaces on the shelves where the

items would have been located in the Dollar General store; and, that Hiestand told Sergeant Miller that she had purchased the items the previous Thursday when she was at work, but that the schedule indicated she had not worked that day. Although Hiestand testified that she had purchased the grass seed a week prior to the incident, that she had receipts for some of the items, and that there were empty spots on the shelves because they had not yet been restocked, and presented testimony from her mother that she accompanied her to purchase the grass seed and that she kept the medicine in her truck so her child would not misuse it, we emphasize that the weight to be given to the evidence and the credibility of witnesses are primarily reserved for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Here, the trial court chose to believe Bogan's and Sergeant Miller's testimony over Hiestand's and Black's testimony. We cannot find that, in weighing all of the evidence, the fact finder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered," *Thompkins*, 78 Ohio St.3d at 387, particularly given that the receipts Hiestand provided were Wal-Mart receipts and were dated in February and early March, and she offered no explanation why she had kept all of the items in her vehicle for months. Thus, we find that Hiestand's conviction was not against the manifest weight of the evidence.

{¶13} Accordingly, we overrule Hiestand's assignment of error.

**{¶14}** Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**